**XYTEX CORPORATION, a Delaware corporation, and Slobodan Perera, Plaintiffs,**

**v.**

**U. E. SCHLIEMANN, Associate Regional Manpower Administrator, United States Department of Labor, Defendant.**

**Civ. A. No. 74–M–85.**

United States District Court,
D. Colorado.

Aug. 22, 1974.

George S. Carter, Denver, Colo., for plaintiffs.

James L. Treece, U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

MATSCH, District Judge.

Slobodan Perera is a citizen of Yugoslavia present in the United States under a temporary student visa to study graduate studies in electrical engineering at the University of Colorado. He has held part-time employment with the plaintiff Xytex Corporation in Boulder, Colorado, since March, 1972 as a computer programmer.

Mr. Perera sought an immigrant visa for permanent residence in this country. To achieve that change in status he must obtain an alien employment certification from the Department of Labor. The statutory requirement is set out at 8 U.S.C. § 1182(a)(14). The certification to be made under the pertinent legislative language is:

"(A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed . . . ."

Under applicable regulations the certification procedures of the Secretary of Labor are delegated to the Manpower Administration of the U. S. Department of Labor. 29 C.F.R. § 60.3(b).

Under date of September 19, 1973, Mr. Perera filed his application for alien employment certification setting forth his qualifications. On the same date Xytex Corporation filed with the Manpower Administration a Job Offer For Alien Employment. In that application the job offered was described as "Software Development Programmer" and the complete job description given was the following:

"Mr. Perera will be involved in programming for a closed-loop servo mechanism driving a proprietary peripheral device by applying a thorough knowledge of servo mechanisms, clocked electronic circuits, and most of all computer programming of the PDP 11/15, PDP 11/05 and by designing and implementing major modifications to IBM OS-360/370. He will confer with engineering and other technical personnel to resolve problems of intent, inaccuracy, or feasibility of computer processing runs to analyze and

correct programming and coding errors."

The job offer application also specified that the college degree required was an M.S. with electrical engineering and computer science as the major field of studies. Additionally the application indicated three years experience in related occupation of programming would be a requirement.

Pursuant to routine procedure, an inquiry was made of the Colorado Divison of Employment and on October 17, 1973, R. Kenneth Howe, employment officer, completed an action summary form indicating no applicants were available.

On November 7, 1973, a person employed by Manpower Administration talked by telephone with two teachers at the University of Colorado who apparently advised that the job offered by Xytex could be handled by a person having a B.S. in electrical engineering. This person then talked with an employee at the University of Colorado Engineers Placement Service who informed that persons were available with such degrees.

On November 14, 1973, Xytex Corporation was advised by the Manpower Administration certifying officer that the certification could not be issued because

"Available job market information will not warrant a certification of unavailability of workers in the U.S. Resumes are available at the University of Colorado Engineers Placement Service."

On December 26, 1973, counsel for Mr. Perera and Xytex Corporation wrote a letter to the Assistant Regional Director for Manpower, Region VIII for review of this denial of certification. Attached to that letter request were copies of letters describing Xytex Corporation's unsuccessful efforts to fill the job, including copies of resumes sent to Xytex by the University of Colorado. Some of those resumes were from persons who had not graduated from Colorado but expected to graduate in June, 1974. The position taken by Xytex in the request for review was that none of the persons available filled the minimum job requirements of an M.S. in electrical engineering and computer science with three years experience in programming.

On January 22, 1974, the Associate Regional Manpower Administrator wrote the following response to counsel's request for review:

"We have again reviewed all the facts pertaining to this request and must reaffirm our initial determination on the basis of the availability of U.S. citizens with suitable qualifications to perform the duties of the job described."

By their complaint filed here, Xytex Corporation and Slobodan Perera seek judicial review of this denial of certification under the Administrative Procedure Act and ask for an order requiring the defendant Associate Regional Manpower Administrator to issue the certificate. The defendant has moved to dismiss for lack of jurisdiction and both parties moved for summary judgment on the basis of the administrative record from which the foregoing findings of fact have been made.

Because the operative and material facts are not disputed, the case can be determined on summary judgment.

The applicability of the limited judicial review under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) has now been determined in decisions from five circuits. Digilab, Inc. v. Secretary of Labor, 495 F.2d 323 (1st Cir. 1974); Reddy, Inc. v. United States Department of Labor, 492 F.2d 538 (5th Cir. 1974); Secretary of Labor v. Farino, 490 F.2d 885 (7th Cir. 1973); Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir. 1971); and Mendez v. Major, 340 F.2d 128 (8th Cir. 1965). These cases are persuasive on that issue.

The questions presented then are whether the record shows an abuse of agency discretion or a failure to act

within the applicable statutory standards.

■ The proper exercise of discretionary authority necessarily requires that the decision be based upon adequate information. To act without the collection of the necessary facts is to abuse discretion. That is what has happened here. After being advised by the Colorado Division of Employment that no qualified applicants were available, a person in the Regional Manpower Administrator's office simply took it upon himself to conclude that Xytex Corporation had acted in bad faith and had intentionally written into its application unnecessary qualifications to benefit Mr. Perera. To give that generous conclusion some semblance of support he telephoned two teachers and put into the record his statement that this work could be done with lesser qualifications. His only other effort at enlightenment was to telephone a woman at the placement office at Colorado University to discover that resumes of electrical engineering students were available there.

Those are the "facts" forming the basis for the denial of certification. When the plaintiffs patiently petitioned for review and submitted specific information about those "resumes", their efforts to add to the record were apparently disregarded because the cryptic affirmation of the decision made no mention of the evidence and the law offered by them through their counsel.

■ Upon this record it must be concluded that the casual consideration given to this application was a clear abuse of discretion.

The statute requires those entrusted with the responsibility of its enforcement to consider not only the availability of non-alien workers, but also they must be in sufficient number, they must be able, they must be willing, they must be qualified and they must be available at the time and place pertinent to the application. Each of these aspects must be addressed upon the basis of specific information.

■ Having determined that the agency authority was not properly exercised in this case, there remains the question of the type of relief to be granted. At the oral argument on these motions, counsel for the defendant suggested a trial *de novo* and a certification decision by this Court. That is agreeable to the attorney for the plaintiffs. While there is considerable temptation to go forward with a final disposition of this matter, it would not be consistent with the statutes to substitute the judgment of this Court for that of the agency given the authority to act under the immigration laws. In the *Farino* case, *supra,* the Court of Appeals for the Seventh Circuit concluded that the proper order was to remand to the administrative agency with directions to proceed, and that same view was expressed in *Reddy, Inc., supra.* I agree. I also agree with the court in *Reddy* that the determination must be made upon the basis of the facts as they exist at the time of the reconsideration and not retroactively to the time of the applicaton being reviewed.

■ A collateral question which arose at the hearing of the motions here was whether the experience gained by Mr. Perera during his part-time work with Xytex should be considered in determining his qualifications for the experience required for the subject position. That question is answered affirmatively.

Ordered, the application for alien employment certification for Slobodan Perera is remanded to the defendant or such other officer of the Manpower Administration of the U.S. Department of Labor with directions to proceed promptly to obtain the facts necessary to the exercise of an informed discretion consistent with the requirements of the applicable statute and the views expressed in this opinion, with each party to bear its own costs.