**Moo Seon SEO, Plaintiff-Appellee,**

v.

**U. S. DEPARTMENT OF LABOR, Defendant-Appellant.**

**No. 73–3067.**

United States Court of Appeals, Ninth Circuit.

Sept. 4, 1975.

Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for defendant-appellant.

Dennis M. Mukai and Bert D. Greenberg, Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before KOELSCH and CHOY, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge.

The district court held that the Secretary of Labor abused his discretion when he denied plaintiff Moo Seon Seo's application for an alien employment certificate and ordered the Secretary to issue the certificate. The Secretary appealed. We affirm.

Seo is a nonimmigrant visitor from Korea. He seeks to become a permanent resident of the United States under Section 245 of the Immigration and Naturalization Act (the Act), 8 U.S.C. § 1255. His status cannot be adjusted until he has received an alien employment certificate from the Secretary of Labor[1] under Section 212(a)(14) of the Act, 8 U.S.C.

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The Secretary of Labor delegated this function to the Manpower Administration of the Department of Labor. 29 C.F.R. § 60 et seq.

§ 1182(a)(14). That section excludes from the United States

"(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed."

In March, 1972, Seo began to work as a radiologic technologist at Mission Hospital, in Huntington Beach, California. On June 9, 1972, the hospital, on behalf of Seo, applied to the Regional Manpower Administration (RMA) for an alien employment certificate. The RMA was told that the hospital had been unable to find a qualified American radiologic technologist, in spite of an extensive search. The hospital had placed a job order with the California Department of Human Resources Development (HRD). HRD referred only two persons—one failed to appear for an interview and the other was an alcoholic. The hospital advertised in the Los Angeles Times and in hospital bulletins, but did not receive a response.

To determine the availability of American workers, the RMA relied solely on data from HRD. HRD's computer check on July 24, 1972, showed at least eight radiologic technologists registered as willing to work in the Los Angeles area.[2] On September 18, 1972, the certifying officer of the RMA denied certification because the HRD data showed that American workers were available who could do Seo's job. Seo appealed.

In a letter to the reviewing officer, Seo's counsel recounted the hospital's un-successful efforts to find a qualified American radiologic technologist. On February 21, 1973, the reviewing officer telephoned the Los Angeles HRD office; he was told that there were eight to ten licensed radiologic technologists who might work in Huntington Beach.

On February 26, 1973, the reviewing officer affirmed the denial of certification. He said that the lack of response to the hospital's classified advertisements might be attributed to their "rather skimpy and uattractive" appearance. He also said that, although the persons listed on HRD's July, 1972, computer printout might not still be available, a recent computer check showed that eight American radiologic technologists were available.

Seo sought review in the district court and obtained a summary judgment in his favor. The court held that when the reviewing officer was informed that the hospital had

"advertised extensively for a radiologic technologist and that the HRD referred only two potential employees in this field to the hospital . . . it was an abuse of discretion on his part not to substantively review the data supplied by HRD regarding the several American job seekers in the relevant area who were 'able, willing, qualified, and available' to perform the plaintiff's profession. . . . [T]he Department of Labor had a duty to go behind the list to determine whether any of the ten persons listed by the HRD were 'ready, willing, able and available' to perform the needed services at [Mission Hospital]."

The district court remanded the case to the Secretary of Labor with directions to grant certification. The Secretary appealed.

■ Judicial review of the Secretary's denial of alien employment certification is limited to determining whether his decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.

---

2. Huntington Beach is in the Los Angeles area.

§ 706(2)(A); *Secretary of Labor v. Farino*, 490 F.2d 885, 889–890 (7th Cir. 1973); *Pesikoff v. Secretary of Labor*, 163 U.S. App.D.C. 197, 501 F.2d 757, 761 n. 5 (1974).

Here, the question is whether the Secretary abused his discretion. We must determine whether the Secretary's "decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971).

■ We hold that the Secretary did abuse his discretion. The only factual basis for his decision was the state agency's listing of workers who were registered for jobs. The evidence shows that that listing was unreliable to determine that American workers were "able, willing, qualified, and available" to do Seo's job.

Before applying for an alien employment certificate for Seo, Mission Hospital placed a job order with HRD for a radiologic technologist. HRD referred only two persons to the hospital; one failed to appear for an interview and the other was deemed unqualified because he was an alcoholic. Seo's counsel notified both the certifying officer and the reviewing officer that HRD had failed to produce a qualified radiologic technologist. With this information, it was an abuse of discretion to rely, without further investigation, on HRD's listing of American radiologic technologists. *See Secretary of Labor v. Farino, supra* 490 F.2d at 890–891.

■ Many courts have recently dealt with the Secretary's decision-making process in applications for alien employment certification. In almost every case,

the court held that blind reliance on state agency employment listings is an abuse of discretion. For these listings to be an adequate factual basis for a finding that there are no "able, willing, qualified, and available" American workers, they must be credible, reliable and pertinent.[3]

*Pesikoff v. Secretary of Labor, supra*, is the only case which appears to be contrary. There, the court held that § 1182(a)(14), as amended in 1965, sets up a presumption against admission of alien workers. The court then found that the general data supplied to the Secretary by the Texas Employment Commission was "sufficient evidence of a pool of potential workers to support certification denial . . . ." 501 F.2d at 764.

Although we agree with the analysis of § 1182(a)(14) in *Pesikoff*, the case is readily distinguishable on its facts. There, 100 to 180 American domestics were registered to perform the type of unskilled work for which certification was sought. Absent any impeaching evidence, the information gave the Secretary an adequate basis to find that there were many persons able and willing to perform this type of unskilled work. Here, only 8 to 10 persons were registered for a job which requires a great amount of skill and training. In addition, the HRD listing was impeached by the hospital's inability to find a qualified radiologic technologist through HRD or through advertisements.[4]

■ Our affirmance of the trial court's reversal of the Secretary's decision raises the question whether we should order the Secretary to issue a certificate or whether we should remand to the Secretary for further proceedings. We have

3. *Ratnayake v. Mack*, 499 F.2d 1207 (8th Cir. 1974); *Reddy, Inc. v. United States Department of Labor*, 492 F.2d 538 (5th Cir. 1974); *Digilab, Inc. v. Secretary of Labor*, 495 F.2d 323 (1st Cir. 1974); *First Girl, Inc. v. Regional Manpower Administrator*, 499 F.2d 122 (7th Cir. 1974); *Secretary of Labor v. Farino*, 490 F.2d 885 (7th Cir. 1973); *Xytex Corporation v. Schliemann*, 382 F.Supp. 50 (D.Colo.1974);

*Golabek v. Regional Manpower Administration*, 329 F.Supp. 892 (E.D.Pa.1971).

4. The *Pesikoff* court implied that its decision would have been different if the alien or her putative employer had shown that it was impossible to find an appropriate worker in the pool of potential American workers. 501 F.2d at 764.

**14**

the authority to do either. *Secretary of Labor v. Farino, supra* 490 F.2d at 891.

 Some courts have remanded to the Secretary with directions to reconsider the application in light of the employment situation at the time of reconsideration. *Reddy, Inc. v. United States Department of Labor*, 492 F.2d 538 (5th Cir. 1974). On the facts of this case, we believe it would be unfair to Seo to do this. The record here convinces us, as it apparently did the district court, that the Secretary should have granted the certificate to SEO in 1972, and again in 1973. The job market for radiologic technologists may have changed in the intervening years, and it would be inequitable to exclude Seo now because of the Secretary's abuse of discretion.

Affirmed.