· **Gul T. RAMANI, Plaintiff,**

v.

**SECRETARY OF LABOR et al., Defendants.**

**No. 76–1–Civ–CA.**

United States District Court, S. D. Florida.

May 21, 1976.

Kaplan, Dorsey, Sicking & Hessen, PA, Miami, Fla., for plaintiff.

Patricia Jean Kyle, Asst. U.S. Atty., Miami, Fla., for defendants.

### ORDER GRANTING SUMMARY JUDGMENT AND REMANDING THE CAUSE.

ATKINS, District Judge.

Plaintiff Gul T. Ramani, who is already legally in this country, wishes to become a permanent resident (A.R. 60 type of visa). First, he must receive certification pursuant to 8 U.S.C. § 1182(a)(14) which provides for exclusion from the United States of:

"Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to perform such skilled or unskilled labor and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. . . . ."

The certification procedures of the Secretary of Labor are delegated to the Manpower Administration of that department "for the area of the alien's intended residence." 29 CFR § 60.3(b). Under 29 CFR 60.3(b) Mr. Ramani's future employer, the law firm of Kaplan, Dorsey, Sicking & Hessen, filed a Statement of Qualifications of Alien form and a Job Offer for Alien Employment form on his behalf. These forms explicitly stated that the prospective employer sought an experienced labor law attorney. On Au-

gust 7, 1975 the defendants' Certifying Officer denied plaintiff's labor certification and this determination was affirmed by the Reviewing Officer. Mr. Ramani, pursuant to 5 U.S.C. § 704, seeks review of the Secretary of Labor's denial of certification under 8 U.S.C. § 1182(a)(14). Defendants have filed a motion to dismiss or in the alternative for summary judgment and plaintiff has filed a cross motion for summary judgment.

It is beyond dispute that plaintiff Ramani has standing and that this Court has jurisdiction under the Administrative Procedure Act to review the Secretary's denial of certification to Mr. Ramani, an alien lawfully present in this country when he sought certification (A.R. 45, No. 3). *Reddy, Inc. v. United States Dept. of Labor*, 492 F.2d 538 (5 Cir. 1974). In order to reverse the Secretary's denial of certification the denial must be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Sec. of Labor v. Farino*, 490 F.2d 885, 889–890 (7 Cir. 1973); *Pesikoff v. Secy. of Labor*, 163 U.S.App. D.C. 197, 501 F.2d 757 (1974), *Seo v. U.S. Dept. of Labor*, 523 F.2d 10 (9 Cir. 1975).

In an appeal from the District Court's review of the Secretary's denial of certification under 8 U.S.C. § 1182(a)(14), the Fifth Circuit held that the Secretary's Reviewing Officer's determination was patently insufficient because the officer did not apply the correct standard. *Reddy, Inc. v. United States Dept. of Labor, supra*. The Officer, rather than specifically determining whether qualified, able, and willing workers were available at the place to which the alien is destined to perform such skilled or unskilled labor, looked at the availability of workers in the United States in general. Circuit Judge Clark, in his dissent, stated that "the majority fails to accord the RMA (Regional Manpower Administration) findings the presumptive correctness to which they are entitled and secondly, the majority fails to recognize the correct burden of proof to be applied in this case." *Id.* at 545. He em-

phasized that 8 U.S.C. § 1182(a)(14) is phrased in terms of ineligibility unless the alien meets the statutory requirements, thus suggesting that the burden is on the alien to show entitlement to certification and not upon the RMA to demonstrate that he was not so entitled.

The District of Columbia Circuit, in determining the alien's burden of proof, laid down the following standard:

> Given the presumption of the statute against admission, if the Secretary's consultation of the general labor market data readily available to him suggests that there is a pool of potential workers available to perform the job which the alien seeks, the burden should be placed on the alien or his putative employer to prove that it is not possible for the employer to find a qualified American worker. *Pesikoff v. Sec. of Labor*, 163 U.S. App.D.C. 197, 501 F.2d 757, 761 (1974). *See also Seo v. U.S. Dept. of Labor*, 523 F.2d 10, 13 (9 Cir. 1975).

■ The *Reddy* Court's opinion is susceptible of two interpretations: (1) the Reviewing Officer's decision shall be remanded for reconsideration under proper standards when he utilizes an erroneous standard, without Court inquiry as to whether the alien has presented sufficient proof to satisfy the proper standard[1]; or (2) the Reviewing Officer's decision shall be remanded for reconsideration under the proper standards when he utilizes an erroneous standard AND the Court's review of the evidence in the record under the proper standard reveals insufficient evidence to shift the burden of proof to the alien. *Pesikoff v. Sec. of Labor, supra.*[2] Under either interpretation, the Reviewing Officer's decision in the instant case must be remanded for a determination as to whether there are sufficient American workers available "at

the place to which the alien is destined to perform such skilled or unskilled labor," *viz.*, Miami, Florida.

The decisions of the Reviewing Officer and Certifying Officer on their face fail to respond to the statutory requisite that there be available American workers in the Miami, Florida area. Nor does the record contain evidence that attorneys with a specialized knowledge of labor law are available in the Miami, Florida area or are willing to relocate in Miami, Florida. Three references in the record could have been misconstrued on the availability issue. Plaintiff Ramani's prospective employer stated on his Job Offer for Alien Employment form that six individuals including Mr. Ramani responded to his notice at the University of Miami Law School that a vacancy existed in his labor law firm (AR 47). The employer later clarified that all of the students who responded to his notice, except Mr. Ramani, possessed no specialized knowledge in labor law and sought a clerking position rather than a permanent job (AR 39). The spokesman for the Legal Aid Society of Dade County stated that attorneys are available who know labor law but there was no indication these attorneys are available and willing to be hired in the Miami, Florida area. Finally, a law professor at Florida State University's Law School informed the Department of Commerce interviewer that he thought he *might* get seven or eight responses to a notice of possible employment with plaintiff's prospective employer. The law professor's speculation is not evidence of actual available American workers for the Miami, Florida area.

■ Finally, defendants do not appear to challenge plaintiff's employer's job requirement that the employee possess specialized knowledge of labor law. The Certifying Officer's decision referred to the availabili-

---

1. This is the interpretation of *Reddy* perceived by Circuit Judge Clark at *Reddy, Inc. v. United States Dept. of Labor, supra*, at 546.

2. The Court in *Reddy* at p. 544 examined the record and found no evidence that available workers existed at the place where the alien

was destined to perform such skills. Thus, under the facts of the case not only did the Reviewing Officer fail to apply the proper standard but the Court determined that the evidence necessary to shift the burden of proof to the alien did not exist.

ty of "lawyers with a knowledge of labor law." AR 54. However, to prevent delay on remand the Court determines that the employer's requirement that the position be filled by an attorney with specialized knowledge in labor law is reasonable and tends to contribute to or enhance the efficiency and quality of the employer's practice and should not be set aside.[3] *Ratnayake v. Mack,* 499 F.2d 1207 (8 Cir. 1974); *Digilab Inc. v. Sec. of Labor,* 495 F.2d 323 (1 Cir. 1974); *Silva v. Sec. of Labor,* 518 F.2d 301 (1 Cir. 1975); *Contra. Pesikoff v. Sec. of Labor,* 163 U.S.App.D.C. 197, 501 F.2d 757 (1974). Thus a "qualified" American worker for plaintiff's prospective job within the meaning of 8 U.S.C. § 1182(a)(14) would have specialized knowledge through education in labor law or through practice in the field as a labor attorney.

Accordingly, this case is remanded to the Department of Labor for reconsideration of the application under the proper standards. The inquiry under Section 1182(a)(14) into sufficiency of workers is "at the time of application" but on remand the Department's reconsideration must be in light of the facts existent at the time of reconsideration.[4]

3. A spokesman for the Labor Law Committee of The Florida Bar said an LLM in labor law is not essential but extremely valuable because the field of labor law is technical. A former Personnel Director for Florida State University Law School, said he could understand why an employer would want the best available graduate to specialize in labor law. The fact that a spokesman for the Public Employee Relations Committee said there is a scarcity of labor practitioners in Florida and that most labor cases are handled by out-of-state lawyers implies the value of specialized legal knowledge in labor law. A spokesman for University of Florida said a greater demand exists for specialists than for general practitioners. Only a well-known labor attorney from Central Florida stated an LLM in labor law is without value.

4. *Reddy Inc. v. United States Dept. of Labor, supra.*