**IMPERIAL TEXTILES, INC., Plaintiff,**

v.

**SECRETARY OF LABOR, Defendant.**

**No. 85 C 9316.**

United States District Court,
N.D. Illinois, E.D.

Aug. 29, 1986.

Nathan T. Notkin, Chicago, Ill., for plaintiff.

Anton R. Valukas, U.S. Atty., by Jack Penca, Sp. Asst. U.S. Atty., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Before this Court are plaintiff's and defendant's cross-motions for summary judgment. Plaintiff Imperial Textiles, Inc. ("Imperial") is seeking reversal of the Secretary of Labor's decision denying Imperial's application for alien employment certification. The issue before this Court is whether the Secretary of Labor acted arbitrarily or capriciously when denying plaintiff's application for alien employment certification. For the reasons stated below, this Court grants defendant's motion for summary judgment. However, plaintiff's motion for summary judgment is denied.

### STATEMENT OF FACTS

Imperial is an import and export manufacturer. Mr. Parshi is an alien. He is also a shareholder and a member of Imperial's Board of Directors. On October 1, 1984, Imperial filed an application for labor certification seeking the admission of Mr. Parshi to the United States. Imperial had selected Mr. Parshi to be the new president of Imperial.

On May 24, 1985, a certifying officer of the Department of Labor denied Imperial's labor certification application. The certifying officer determined that Imperial's re-

cruitment process was faulty. Specifically, the certifying officer found that Imperial's recruitment process was not open to qualified U.S. workers.

Imperial filed a request for administrative review. The administrative law judge ("ALJ") determined that the employer failed to document that Imperial actually tested the labor market with a legitimate interest in hiring a U.S. worker. After considering the record as a whole, the ALJ found insufficient evidence to support plaintiff's request for labor certification. Plaintiff is before this Court seeking review of the ALJ's decision.

## DISCUSSION

Judicial review of the Secretary's denial of alien employment certification is limited to determining whether the Secretary's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A); *Seo v. United States Department of Labor*, 523 F.2d 10, 12 (9th Cir.1975).

Final resolution of the issue before this Court pivots upon the interpretation of Section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(14). Section 212(a)(14) provides that an alien seeking to enter the United States for the purpose of performing skilled or unskilled labor is ineligible to receive a visa unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that: (1) there are not sufficient workers in the United States who are able, willing, qualified and available at the time of application for a visa and admission into the United States and at the place where the alien is to perform the work; and (2) the employment of the alien will not adversely affect the wages and working conditions of United States workers similarly employed.

The labor certification statute at issue was designed to protect U.S. workers from economic hardship and dislocation as a result of the importation of foreign workers. Establishment of employment opportunities for exclusive benefit of an alien is contrary to the fundamental intent of Congress to give preference to U.S. workers.

The only issue in dispute is whether Imperial demonstrated that there were not sufficient U.S. workers qualified to perform the job offered. The Secretary argues that the decision denying Mr. Parshi's labor certification was proper because Imperial failed to show the lack of qualified U.S. workers. The Secretary alleges Imperial failed to extend the same job opportunity to U.S. workers as it did to Mr. Parshi. In particular, the Secretary contends that at least one qualified U.S. applicant, Delton Thompson, was dismissed as unqualified because he lacked an advanced degree. The Secretary believed Mr. Thompson was qualified since he had received a bachelor of science degree and had more than ten years experience in a related occupation.

Imperial argues that no U.S. applicant satisfied its job requirements. Moreover, Imperial asserts that it acted reasonably when it required all applicants for president to have earned a Master of Business Administration Degree. Imperial claims that the two U.S. applicants failed to meet the job requirements and thus their applications were rejected. Imperial also contends that there were no sufficient United States workers who were qualified and able to assume the duties of president of Imperial. Thus, Imperial maintains that Mr. Parshi's certification should have been granted because past recruitment of U.S. workers had not fulfilled Imperial's needs.

The Immigration and Nationality Act places the burden on the employer to prove that there are no able, willing, and qualified U.S. workers available to perform the job offered. *Silva v. Secretary of Labor*, 518 F.2d 301, 309–310 (1st Cir.1975).

This Court believes Imperial failed to prove that there were no U.S. workers able, willing and qualified to perform the job offered. In addition, Imperial failed to conduct a systematic recruitment of available domestic workers. First, the record indicates Imperial considered only two prospective U.S. workers. This limited consid-

eration cannot be deemed active employee recruitment. Next, the record demonstrates that Mr. Parshi was closely associated with the hiring decisions that ultimately rejected all other candidates and recommend Mr. Parshi himself for the president's position. Mr. Parshi's dual role as both the candidate and the "recruiter" make this Court question the validity and impartiality of Imperial's hiring procedures.

This Court believes Imperial attempted to circumvent the spirit of § 212(a)(14) by imposing unnecessarily rigid requirements and by tailoring certain job requirements to fit nonunique qualifications of a prospective alien employee. These recruitment requirements were unjustifiably tailored to preclude prospective U.S. workers from consideration. This Court also believes Imperial set its hiring standards so that its preselected candidate would be the only interested candidate to satisfy those requirements.

After carefully considering the entire record, this Court holds that the Secretary's ruling was not arbitrary, capricious, or an abuse of discretion. Moreover, the Secretary correctly concluded that Imperial failed to show that there are insufficient U.S. workers willing, able, and qualified to perform the duties of the job offered. Accordingly, defendant's motion for summary judgment is granted; whereas, plaintiff's motion for summary judgment is denied.

### CONCLUSION

This Court holds that the Secretary of Labor's ruling was not arbitrary, capricious, or an abuse of the Secretary's discretion. The Secretary properly concluded that Imperial failed to demonstrate that there are insufficient U.S. workers willing, able, and qualified to perform the duties of the job offered. This Court grants the Secretary's motion for summary judgment. This Court also denies plaintiff's motion for summary judgment.

IT IS SO ORDERED.