15-1421-cr
United States v. Villa

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand eighteen.

PRESENT:   PETER W. HALL,
                    SUSAN L. CARNEY,
                                *Circuit Judges,*
                    JOHN G. KOELTL,
                                *District Judge.*[*]

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                *Appellee,*


                    v.                                                            No. 15-1421-cr


AMAURY VILLA,
                                *Defendant-Appellant,*


AMED VILLA, AKA RICARDO SAAVEDRA, YOSMANY NUNEZ, AKA EL GATO, ALEXANDER MARQUEZ, RAFAEL LOPEZ,
                                *Defendants.*



-----------------------------------------------------------------------

---

[*]   Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT: JOHN A. CIRANDO (Bradley E. Keem, Elizabeth deV. Moeller, *on the brief*), D.J. & J.A. Cirando, Esqs., Syracuse, New York.

FOR APPELLEE: ANASTASIA E. KING, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Amaury Villa ("Villa") pleaded guilty unconditionally to one count of conspiring to commit theft from an interstate shipment and interstate transportation of stolen property, in violation of 18 U.S.C. § 371; four substantive counts of theft from interstate shipment, in violation of 18 U.S.C. § 659; and one substantive count of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. In doing so he rejected the government's plea offer. The district court sentenced Villa to a total of 98 months' imprisonment to run concurrently with a 140-month sentence already imposed by the United States District Court for the Southern District of Florida. The district court also imposed an order of restitution in the amount of $60,994,213 jointly and severally upon Villa and his codefendants. Villa appeals from the district court's judgment entered on April 29, 2015.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

## I. We Decline To Decide Villa's Ineffective Assistance Of Counsel Claim.

When faced with a claim for ineffective assistance of counsel on direct appeal, we may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). The third course of action is appropriate when the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is "beyond any doubt" or "in the interest of justice." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir. 2003) (internal quotation marks omitted). But we have expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000). This aversion is due in part to the reasoning that "the allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue." *Khedr*, 343 F.3d at 100. Here, we lack the factual record necessary to decide Villa's ineffective assistance claim, and Villa recognizes as much in his reply brief, *see* Appellant's Reply Br. 5 ("*Without knowing what the conversation entailed* [between defense counsel and one of Villa's co-defendants], one cannot say if it rendered appellant's guilty plea involuntary or voluntary." (emphasis added)). We therefore decline to decide this claim on direct appeal.

## II. Villa's Guilty Plea Was Not Entered In Plain Error.

Villa contends that the district court did not comply with the requirements set forth in

Rule 11(b)(1)(K) and Rule 11(b)(3).[1] Where, as here, a defendant fails to raise an objection to an alleged violation of Rule 11, we review for plain error. *United States v. Tulsiram*, 815 F.3d 114, 119 (2d Cir. 2016) (per curiam).

Villa first argues that the district court violated Rule 11(b)(1)(K) by "fail[ing] to disclose the amount of restitution that appellant possibly faced," Appellant's Br. 28, although he acknowledges that the district court informed him generally that "there may be restitution," *id.* (quoting JA475). "In the Rule 11 context, the plain-error standard requires a defendant to establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *Tulsiram*, 815 F.3d at 120 (internal quotation marks omitted). The district court complied with Rule 11(b)(1)(K) by advising Villa that "[t]here may be restitution." JA475. Moreover, Villa received notice that he might face a substantial financial obligation as a result of his plea because the PSR provided that "[r]estitution is mandatory in this case" and stated, as to Counts 1 and 6, a "maximum fine [of] $160,000,000." PSR ¶¶ 82, 86. And Villa represented to the district court that he had read and understood the PSR. "Where a defendant, before sentencing, learns of information erroneously omitted [from the plea colloquy] in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea, and the plain error standard is not met." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (internal quotation marks and

---

[1] Villa's counsel on appeal erroneously cites the version of Rule 11 in effect before the rule's 2002 amendments. *See* Appellant's Br. 28 (citing "Rule 11(c)(1)"); *id.* at 29 (citing "Rule 11(f)"). The substantive requirements he references are now found in subsections (b)(1)(K) and (b)(3). *Compare* Fed. R. Crim. P. 11 (2001), *with* Fed. R. Crim. P. 11 (2002), *and* Fed. R. Crim. P. 11 (2018). Rule 11 was last amended in 2013, before Villa's May 2014 change-of-plea hearing, and thus the current version of the rule governs here.

4

alterations omitted). Villa never objected to the restitution order before the district court, even when the amount was announced at sentencing, and did not move to withdraw his plea. He therefore has not demonstrated a reasonable probability that, but for any Rule 11(b)(1)(K) error, he would not have entered the plea.

Villa also argues that the district court failed to determine that there was a factual basis for the plea, as required by Rule 11(b)(3). And he asserts he never represented to the district court that he had direct knowledge of where the stolen property would be sent or that he had any knowledge that property was intended for interstate shipment.

These arguments lack merit. First, there is no *mens rea* requirement for the jurisdictional element of 18 U.S.C. § 659. "A substantive violation of 18 U.S.C. § 659 does not require knowledge of the interstate or foreign character of the goods." *United States v. Green*, 523 F.2d 229, 233–34 (2d Cir. 1975). Second, even if 18 U.S.C. § 2314 contains a *mens rea* requirement with respect to its jurisdictional element, *but see* Appellee's Br. 17–18, the district court took care to ensure that Villa knowingly had participated in *interstate* transportation of stolen goods, whether or not he knew exactly where the goods would be transported. *See* JA488–92. It was not plain error for the district court to find the jurisdictional elements of sections 659 and 2314 satisfied.

### III. Villa's Double Jeopardy Claims Are Meritless.

As a general matter, "[o]n appeal, we review [ ] double jeopardy issue[s] *de novo*." *United States v. Maslin*, 356 F.3d 191, 196 (2d Cir. 2004) (citing *United States v. Estrada,* 320 F.3d 173, 180 (2d Cir. 2003)). Villa argues that (1) the conspiracy charge is unlawfully duplicative of the conspiracy charge in his Florida case, and (2) his Florida conviction for possession of stolen

5

goods precludes convictions in Connecticut for theft from an interstate shipment. Villa's Double Jeopardy claims are without merit. With respect to the conspiracy counts, it is plain from an application of the *Korfant* factors that Villa was charged with two separate conspiracies, one in Florida and one in Connecticut. *United States v. Korfant,* 771 F.2d 660, 662 (2d Cir. 1985) (per curiam). The conspiracies covered a different time, had different participants, and also had a different geographic focus. With respect to the substantive counts, under *Blockburger* we ask "whether each charged offense contains an element not contained in the other charged offense." *United States v. Chacko*, 169 F.3d 140, 146 (2d Cir. 1999) (discussing *Blockburger v. United States*, 284 U.S. 299 (1932)). Because the substantive count under § 2315 in the Florida indictment contains an additional element not contained in the substantive counts under § 659 in the Connecticut indictment, and § 659 contains an element not contained in § 2315,[2] the charges are not multiplicitous.

**IV.    The Loss Calculation Was Not Clearly Erroneous.**

We review for clear error a district court's factual findings of loss for the purposes of the United States Sentencing Guidelines. *United States v. Binday*, 804 F.3d 558, 595 (2d Cir. 2015). For sentencing purposes, "loss" is "the greater of actual loss or intended loss." U.S.S.G. § 2B1.1 cmt. n.3(A). And "actual loss" is "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(i).[3] It is incumbent upon the district

---

[2] *Compare* Modern Federal Jury Instructions-Criminal § 25.01 (Theft from Interstate Shipment) (Instruction 25-2) (identifying as element "that at the time of the theft the property was part of an interstate shipment as described in the statute"), *with* Modern Federal Jury Instructions-Criminal § 54.06 (Sale or Receipt of Stolen Property) (Instruction 54-47) (identifying as element "that after the property had been stolen, converted or taken, it crossed a boundary of a state or of the United States").

[3] The district court stated that it "use[d] the 2010 [Sentencing Guidelines] [M]anual . . . to avoid any ex post

6

court to make "a reasonable estimate of the loss," and we grant "appropriate deference" to such an estimate. That estimate should be based on "available information" and "tak[e] into account" factors such as "[t]he fair market value of the property unlawfully taken . . . or, if the fair market value is impracticable to determine or inadequately measures the harm, the cost to the victim of replacing that property." U.S.S.G. § 2B1.1 cmt. n.3(C).

"In determining a loss amount for purposes of Guidelines calculation, a district court's findings must be grounded in the evidence and not derive from mere speculation." *United States v. Coppola*, 671 F.3d 220, 249 (2d Cir. 2012). "A district court is not required to calculate loss with absolute precision, but need only by a preponderance of the evidence make a reasonable estimate of the loss given the available information." *Binday*, 804 F.3d at 595 (internal quotation marks omitted).

The dispute as to loss here boils down to a difference of opinion regarding which methodology of loss calculation should be used. The court considered, at great length and on the record, the competing arguments. It ultimately concluded as follows: "[W]hile the Court recognizes the efforts that have been undertaken by defense counsel with respect to challenging the reliability of the numbers and . . . what the methodology covers, the Court is satisfied that the available information set out in the reports of the knowledgeable people . . . fairly reflect that the loss amount in this case should be greater than fifty million dollars . . . ." JA806–07. After hearing more on the topic at sentencing, the district court further concluded that although it recognized the methodology promoted by the government "may not be the

facto problems." JA758. All citations to the Guidelines Manual in this Order similarly refer to the 2010 version.

7

only methodology to be used," it "seems to reflect . . . fair market value." JA883. The district court's decision was not clearly erroneous but rather was adequately supported by the record before it.

**V.    Conclusion.**

We have considered all Appellant's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court